[File No. 6947]

STATE OF NORTH DAKOTA, as Owner and Trustee of the Permanent School Fund, Appellant, v. WARD COUNTY, a Quasi-municipal Corporation, and One of the Political Subdivisions of the State of North Dakota, and Fred M. Brey, as County Auditor of said Ward County, Respondents.

(16 NW(2d) 876)

Opinion filed December 26, 1944.   Rehearing denied Jan. 3, 1945

*Alvin C. Strutz,* Attorney General, and *C. E. Brace,* Assistant Attorney General, for appellant.

558

*Joseph J. Funke,* States Attorney, and *B. A. Dickinson,* Assistant States Attorney, for respondents.

MORRIS, Ch. J.   This is an appeal from an order sustaining defendant's demurrer to plaintiff's complaint.   The plaintiff seeks to quiet title to certain real estate situated in Ward County.   The action is directed at liens for taxes levied for the years 1934 to 1938, inclusive, which are evidenced by tax certificates held by Ward County.

The complaint discloses that on December 1, 1919 the State of North Dakota, as trustee for the Permanent School Fund, took a mortgage on the premises in question from the then record owner.   The validity and priority of the mortgage is conceded by the demurrer.   It further appears from the complaint that the mortgage became in default and

that the state instead of foreclosing it took a quit-claim deed from the owner on November 7, 1938. The deed was recorded shortly thereafter. It was taken by authority of and pursuant to the provisions of chap. 254, ND Sess Laws 1935.

The one issue is whether the deed to the state extinguished the tax liens held by the county. They are represented by certificates of tax sale which at the time of the commencement of the action had not yet ripened into a tax title.

The appellant contends that the acquisition of title by the state extinguishes the liens for taxes held by the county. Its counsel has ably briefed that point by citation of general authority. However, this authority does not govern this case and in fact is not in point. The question before us is purely one of statutory construction. We are dealing with a specific statute under which the state is permitted to acquire title to property upon which it has a mortgage, by direct conveyance from the owner. It is chap 254, ND Sess. Laws 1935 (Rev Code 1943, § 15–0314). We set forth and construed this statute in State v. Sheridan County, 72 ND 254, 6 NW(2d) 51, wherein we said:

"The statute, construed as a whole, clearly evidences a legislative intention that a deed taken pursuant to its provisions shall affect only the title, interest, and rights of the grantor in the deed, and does not affect any rights, estates, or liens subsequent or inferior to the mortgage held by the state. The object of the statute was to confer authority upon the Board of University and School Lands in any case where a mortgage is in default and foreclosure thereof is deemed advisable to accept from the owner of the land a deed of conveyance of the mortgaged land in lieu of foreclosure. The statute does not give to the deed of conveyance from the owner of the land the effect of a sheriff's deed, except as to the grantor. As to him the deed of conveyance operates to 'extinguish all title, interest and right of redemption,' and it has the same legal effect as if it had been executed pursuant to a sale under a foreclosure of the mortgage by action in which the grantor was a party and duly served with process. But as to other persons the deed has no more effect than a deed would have that was executed pursuant to a sale under a foreclosure by action in which they were not made parties."

The only difference between the Sheridan County Case and the one at Bar is that in the former the tax liens had ripened into a tax title while in this case the liens were evidenced by tax certificates held and owned by the county.

A county is a creature of statute. It is a body corporate for civil and political purposes. ND Comp. Laws 1913, § 3250 (Rev. Code 1943, § 11–1001). It may sue and be sued, acquire and dispose of property and otherwise function in a corporate capacity as empowered by the Legislature within constitutional limitations. It may thus acquire rights and property as against the state. The tax liens in this case were paramount to the rights of the owner and inferior to the mortgage of the state. State v. Divide County, 68 ND 708, 283 NW 184. Chapter 254, supra, authorized the state to take a deed to the land from the owner which "shall extinguish all title, interest, and right of redemption of the grantor of said deed, but shall not extinguish the mortgage lien thereon."

The construction which we placed on the statute in the Sheridan County Case is equally applicable here. The deed transferred title from the owner to the state subject to all liens including those evidenced by the county's tax certificates. Had the Legislature intended otherwise it could easily have so specified.

The order sustaining the demurrer is affirmed.

CHRISTIANSON, BURR, NUESSLE, and BURKE, JJ., concur.